IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ISAAC WINFREE and<br>WILLIAM SEARCY JR.,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:14-cv-01269<br><br>Judge Campbell |

## MEMORANDUM OPINION

*Pro se* plaintiff Isaac Winfree has filed a "Motion to Proceed and Sever" (ECF No. 15), in which Mr. Winfree states that he and co-plaintiff William Searcy Jr. are no longer housed in the same cell block and are therefore unable to communicate freely. In addition, however, Mr. Winfree states that he is (or was) scheduled to be released on July 1, 2014. Because Mr. Winfree is being or has been released, his claims will no longer be subject to the Prison Litigation Reform Act ("PLRA"). The Court, therefore, will not merely sever his claims but will instead dismiss his claims altogether, without prejudice to his ability to file a separate lawsuit after his release from jail, if he so chooses.

The Court must nonetheless conduct an initial review of the claims brought by the remaining plaintiff, William Searcy Jr. Under the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, the Court is required to dismiss *sua sponte* any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *see also* 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The plaintiff's complaint is brought under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d

584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff names as the defendant in this action Southern Health Partners ("SHP"), which the Court presumes to be the entity in contract with Wilson County to provide medical care for inmates at the Wilson County Jail. For purposes of this initial review, the Court will accept that SHP is a "person" subject to liability under § 1983. *See West v. Atkins*, 487 U.S. 42, 56 (1988) (holding that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983).

However, the plaintiff fails to allege facts that suggest that SHP has violated his constitutional rights. The plaintiff alleges that on May 2, 2014, a nurse employed by SHP "endangered the lives of two inmates by giv[ing] them the wrong medication." (ECF No. 1, at 5.) The plaintiff alleges that the wrong medication caused "severe, dangerous allergic reactions," causing one of the two inmates to be hospitalized, and causing both inmates significant pain. As a result of this incident, the nurse was fired. The Court understands the plaintiff to be alleging that he suffered a deprivation of his Eighth Amendment right to be free from deliberate indifference to his serious medical needs.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation and citation omitted). To state a claim for deliberate indifference, a plaintiff must satisfy an objective component and a subjective component. The objective component is satisfied by showing a sufficiently serious medical condition such that denial of needed medical care would result in the unnecessary and wanton infliction of pain or pose a substantial risk of serious harm. *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013). A condition is sufficiently serious when the need for medical care is obvious even to a lay person. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899–900 (6th Cir. 2004). To satisfy the subjective component, a plaintiff must allege that the defendant subjectively perceived facts from which the inference could be drawn that a substantial risk of harm would exist if needed care were not provided, that he actually drew the inference, and that he acted in disregard of that risk. *Quigley*, 707 F.3d at 681. "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106.

Thus, the question for the Court in performing this initial review is whether the plaintiff's allegations, construed as true, demonstrate deliberate indifference on the part of jail officials to the plaintiff's serious

medical condition. They do not. Although the nurse who dispensed the incorrect medication apparently acted negligently, there is no indication that SHP knew or had reason to know that this particular nurse regularly acted negligently or with deliberate indifference in dispensing medication. The fact that both inmates received prompt medical care in the wake of this incident and that the nurse responsible for the mix-up was fired further shows that SHP did not act with deliberate indifference. Although the plaintiff could potentially have a state-law negligence claim against the nurse herself, as set forth above, allegations of negligence do not state a claim under § 1983. In sum, the plaintiff has failed to plead facts which, if true, show that SHP subjectively perceived facts from which to infer a substantial risk of harm to the plaintiff, did in fact draw that inference, and disregarded that risk.

Because the complaint brought by Mr. Searcy fails to state a claim against SHP under 42 U.S.C. § 1983 for which relief may be granted, his claims will be dismissed in their entirety. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

A separate order is filed herewith.

*Todd Campbell*
TODD CAMPBELL
United States District Judge