**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ISAAC WINFREE and** | ) | |
| **WILLIAM SEARCY JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-cv-01269** |
| | ) | |
| **SOUTHERN HEALTH PARTNERS,** | ) | **Judge Campbell** |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court are the following motions: plaintiff Isaac Winfree's "Motion to Proceed and Sever" (ECF No. 15); Mr. Winfree's application to proceed *in forma pauperis* (ECF No. 2); and plaintiff William Searcy Jr.'s two applications to proceed *in forma pauperis* (ECF Nos. 14 and 16). In addition, the complaint is before the Court for initial review in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

For the reasons set forth in the accompanying Memorandum Opinion, Mr. Winfree's motion to proceed and sever (ECF No. 15) is **DENIED**; the claims brought by him in this action are **DISMISSED WITHOUT PREJUDICE**; and his application to proceed *in forma pauperis* is **DENIED** as **MOOT**, because he has given notice that he was to be released from jail on July 1, 2014.

Plaintiff William Searcy, Jr.'s first application to proceed *in forma pauperis* (ECF No. 14) is **GRANTED**. The Clerk is **DIRECTED** to terminate the application at ECF No. 16 as duplicative.

Under § 1915(b), Mr. Searcy nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account

for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Administrator of the Wilson County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

Further, however, for the reasons explained in the accompanying Memorandum Opinion, Mr. Searcy's claims are **DISMISSED** for failure to state a claim against defendant Southern Health Partners under 42 U.S.C. § 1983 for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

All claims for relief having been denied, this action is **DISMISSED** in its entirety.

It is so **ORDERED**.

This is a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

TODD CAMPBELL
United States District Judge